UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

GWEN ALEXANDER                                    CIVIL ACTION

VERSUS                                            NO: 08-4196

UNITED STATES OF AMERICA                          SECTION: J


## ORDER AND REASONS

Before the Court is Plaintiff Gwen Alexander's **Motion to
Amend the Pre-Trial Order (Rec. Doc. 43).**  Plaintiff
inadvertently omitted any mention of claims related to 42 U.S.C.
§ 1981 and therefore, she wants to amend the Pre-Trial Order to
reflect her intent to pursue those claims at trial.

## PROCEDURAL HISTORY AND BACKGROUND FACTS

Plaintiff, a former employee of Monsanto Company
("Defendant") filed suit in this Court under the Louisiana
Environment Whistleblower Act pursuant to the Court's diversity
jurisdiction.  She later amended her complaint to add federal
civil rights causes of action under Title VII of the Civil Rights
Act of 1964 and 42 U.S.C. § 1981.

In Defendant's Answer to the amended complaint, Defendant
acknowledged that Plaintiff "purports to bring this action under
. . . 42 U.S.C. § 1981."  Rec. Doc. 18, p.2.  Defendant then
filed a motion for summary judgment, requesting that the Court
enter summary judgment against Plaintiff on "*all counts*" of the

original and amended complaint.  Rec. Doc. 26-1, p.1.  However,
in its memorandum in support of the motion, Defendant did not
specifically address the claims brought under 42 U.S.C. § 1981.
<u>Id.</u> As a result, Plaintiff's motion in response to the summary
judgment motion made no mention of the 42 U.S.C. § 1981 claims.
<u>See</u> <u>e.g.</u> Rec. Doc. 34.

On July 23, 2009, Defendant's Motion for Summary Judgment
was denied and this case was set for trial on October 5, 2009.
Also on July 23, 2009, the final pretrial conference was held.
At this conference, the parties jointly submitted a pretrial
order which was approved by the court.  Rec. Docs. 39 & 41.  On
August 21, 2009, approximately a month after the pretrial order
was approved, Plaintiff discovered that the order inadvertently
omitted mention of claims falling under 42 U.S.C. § 1981.
Plaintiff informed Defendant of this discovery and requested
Defendant's consent to amend the order to mention § 1981.
However, on August 24, 2009, Plaintiff was notified by Defendant
that Defendant would oppose such an amendment.

On August 28, 2009, Plaintiff filed a **Motion to Amend the
Pre-Trial Order (Rec. Doc. 43).**  This motion, along with
Defendant's **Response Memorandum in Opposition to Plaintiff's
Motion (Rec. Doc. 44)**, is now before the court.

## ARGUMENTS OF THE PARTIES

Plaintiff asserts that this motion is governed by Fed. R. Civ. Proc. Rule 16(e), which states that "a Pre-trial Order entered after the final Pre-Trial Conference may not be amended except to prevent manifest injustice." However, according to Plaintiff, it rests with the Court's discretion to allow an amendment to the Pre-Trial Order. Rios v. Bigler, 67 F.3d 1543 (10th Cir. 1995). Also, according to the Plaintiff, the decision to grant such an amendment is based on whether the amendment will prejudice the nonmoving party. Hull v. Chevron USA, Inc., 812 F.2d 584 (10th Cir. 1987).

Plaintiff claims that if this motion is granted, there will be no change to the presentation of evidence at trial and no requirement for additional discovery. Plaintiff also claims that the amendment will not prejudice Defendant because Defendant has known of Plaintiff's 42 U.S.C. § 1981 claims since Plaintiff filed her amended complaint on January 13, 2009. Accordingly, Plaintiff believes that this court should allow her to amend the Pre-Trial Order.

Contrary to Plaintiff's assertions, Defendant argues "this simply is not a case which has been litigated under 42 U.S.C. § 1981." Rec. Doc. 44 p.2. Defendant makes this statement based on its claim that Plaintiff failed to mention 42 U.S.C. § 1981 in her response to the motion for summary judgment and that the

agreed upon Pre-Trial Order did not raise 42 U.S.C. § 1981 as a contested issue of law.

Defendant states that it is well-settled in the Fifth Circuit that the pretrial order controls the course and scope of the trial, and claims omitted from the order are waived, even if they were alleged in the pleadings. Elvis Presley Enters., Inc. v. Capece, 141 F.3d 188, 206 (5th Cir. 1988). Further, according to the Defendant, "the pretrial order supersedes all pleadings and governs the issues and evidence to be presented at trial." Quick Technologies, Inc. v. The Sage Group, PLC, 313 F.3d 338, 345 n.5 (5th Cir. 2002). Defendant also asserts that there is a limit as to when a pretrial order can be modified. This limitation, according to Defendant, exists in Fed. R. Civ. P. 16(e), which expressly limits modifications of a pretrial order to those necessary to prevent manifest injustice.

Notwithstanding the Court's ability to exercise discretion in this matter, Defendant asks this Court to recognize that a showing of manifest injustice to the moving party is an essential element to such a motion. Defendant claims that Plaintiff has not, and cannot, establish any manifest injustice that would result if the Pre-Trial Order is not amended, and therefore, she has failed to meet her burden under Fed. R. Civ. P. Rule 16(e).

Moreover, even though Defendant claims that the issue of prejudice to the non-moving party is irrelevant, Defendant

asserts that prejudice would exist if the Pre-Trial Order is amended. According to Defendant, although the Title VII and the § 1981 claims are substantively similar, the procedural distinctions are very different. Therefore, Defendant claims that if Plaintiff were allowed to amend the pretrial order, the amendment will "gut" their statute of limitations defense under Title VII because Plaintiff would essentially be able to bring those same claims under § 1981, which has a longer statute of limitations period. Defendant further claims that it would be disadvantaged because allowing the § 1981 claim would expose Defendant to potential liability of unlimited punitive damages, whereas such damages are capped under Title VII. As a result, Defendant believes that Plaintiff's Motion to Amend the Pre-Trial Order should be denied.

## DISCUSSION

### I. *Manifest Injustice*

The Federal Rules of Civil Procedure state that "[t]he court may modify the [pretrial] order issued after a final pretrial conference *only* to prevent manifest injustice." Fed. R. Civ. P. 16(e) (emphasis added). Plaintiff, in her memorandum, did not allege any manifest injustice that would occur if the motion to amend the pretrial order is denied. If Rule 16(e) was strictly applied, it appears that the analysis can end here and the Court should deny Plaintiff's motion.

*II.  Prejudice to the Non-Moving Party*

Nevertheless, according to the Fifth Circuit, the Court does have discretion in this matter and can allow amendment of the pretrial order "where no surprise or prejudice to the opposing party results." Quick Technologies, Inc. v. Sage Group PLC, 313 F.3d 338, 346 (5th Cir. 2002).

Contrary to Defendant's claims of prejudice, Defendant has known since the amended complaint that Plaintiff alleges violations of 42 U.S.C. § 1981.  When Defendant filed its motion for summary judgment, Defendant asserted its statute of limitations defense in regards to Title VII but did not address the § 1981 claims.  Therefore, even then, Defendant knew if the Title VII charges were dismissed, the § 1981 claims would remain.  Defendant has not made any allegations that if this motion was granted, it would suffer an unfair delay or disadvantage in preparing for the trial proceedings, nor does Defendant allege that additional discovery would be necessary.  As a result, even if prejudice to Defendant is relevant, it does not appear that prejudice exists in this case.

*III.  Manifest Injustice versus Prejudice to the Non-Moving Party*

Based on the aforementioned discussion, the crux of this opinion seems dependent on whether this Court adopts the strict language of Rule 16(e), or whether the court relies on the lack of prejudice to the Defendant.  It appears to be well within this

Court's discretion to adopt either theory. But such a determination is not necessary in this matter.

While Plaintiff failed to state what manifest injury exists if she is not able to bring the § 1981 claims, this Court believes that the Plaintiff may suffer manifest injury if the motion were denied. A decision to deny her the ability to amend the pretrial order could result in dismissal of all civil rights claims if Defendant is successful in arguing that the statute of limitations expired on the Title VII claims. Such a result seems to be an injustice given that Defendant will not be prejudiced by the amendment, having known for some time that Plaintiff alleged violations of § 1981. Therefore, because of the potential manifest injustice to Plaintiff and the lack of prejudice to Defendant, regardless of what theory the Court adopts the result will be in Plaintiff's favor.

## CONCLUSION

Considering the foregoing, **IT IS ORDERED** that Plaintiff's **Motion to Amend the Pre-Trial Order (Rec. Doc. 43)** is **GRANTED** and that Plaintiff be allowed to pursue claims under § 1981 at trial in this matter.

New Orleans, Louisiana, this 14th day of September, 2009.

_____
United States District Judge